Dear Mr. Wyche:
This office is in receipt of your request for an opinion of the Attorney General in regard to the power of a court to suspend the imposition of a fine and/or court costs, which include costs for a District Indigent Defender Board, and in lieu thereof, order that the defendant pay a sum of money to the court's criminal court fund as a condition of probation. Specifically, you ask whether a court can avoid the mandatory requirement of R.S. 15:146(B)(1) by invoking the provisions of C.Cr.P. Art. 895.1(B).
R.S. 15:146 is entitled "Judicial district indigent defender fund," and creates within each judicial district an indigent defender fund to be composed of funds provided for by the Section. It is provided in part that "every court of original criminal jurisdiction * * * shall remit the following specials costs to the district indigent defender fund", and then sets forth such amounts.
Pertinent to your inquiry is C.Cr.P. Art 895.1 which pertains to a defendant being placed on probation. Paragraph (B)(2) thereof is as follows:
 (B) When a court suspends the imposition or the execution of a sentence and placed the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (2) To the criminal court fund to defray the costs of operation of that court.
We find that this office has rendered opinions relative to the question presented herein. In Atty. Gen. Op. 84-445 this office was asked whether a trial court had the ability to suspend the costs imposed by R.S. 15:146
for indigent defender funds, and it was observed that R.S. 15:146, in providing for the creation of a judicial district indigent defender fund, seemed to "mandate the imposition of fines and court costs." Notwithstanding the appearance of a mandate, it was reasoned, "The provisions of the Louisiana Code of Criminal Procedure must, however, be viewed in pari materia to obtain the true legislative intent." It was then determined as follows:
 The Louisiana Legislature in its pursuit of a just and ordered system of laws, has seen fit to allow judicial discretion to govern the imposition of fines and costs under the indigent defender's program. A fair interpretation of the applicable regulatory statute indicates that the costs to be assessed for the indigent defender fund can be suspended at the judge's discretion. * * * * The judge, in his official capacity, may exercise his authority to decide on the suspension of any and all costs assessed under the indigent defender program.
See also, Atty., Gen. OP. Nos 930360, 930412.
We find it pertinent to note in Atty. Gen. Op. 90-307 that this office stated that the court had no discretion about assessing the court costs set out in R.S. 46:1816, observing the last sentence of the statute stated that "no court may suspend or waive the imposition of the costs provided for in this section "unless each of the conditions imposed therein were not met. This office found the intent of the Legislature could hardly be more explicit, and that the court had no discretion in imposing the requisite costs where the statutory requirements were met. Therein, this office distinguished Atty. Gen. Op. 84-445 by noting that it had been rendered prior to the enactment of the last sentence of R.S.46:1816, and the statute considered therein did not contain the non-waiver language found in Section 1816.
Not finding such explicit statutory language that the court may not suspend or waive the imposition of costs, we would follow the conclusions of the earlier opinions of this office that a court has discretion in imposing the provisions of R.S. 15:146, and we find that C.Cr.P. Art895.1(B) specifically authorized a court that suspends the imposition or execution of a sentence to order as a condition of probation an amount of money to be paid by the defendant to any or all of seven listed entities, one of which is "to the criminal court fund to defray the costs of the operation of the court."
We hope this sufficiently answers your inquiry, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr